UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| DENNIS C. BOSELEY, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | No. 3:08-CV-362 |
| ) | (Phillips/Guyton) |
| MICHAEL J. ASTRUE, ) | |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
|     Defendant. ) | |

## MEMORANDUM OPINION

This social security appeal is before the court for consideration of the plaintiff's objections [Doc. 18] to the report and recommendation filed by United States Magistrate Judge H. Bruce Guyton [Doc. 17]. Magistrate Judge Guyton found that the Commissioner's decision that plaintiff is not disabled is supported by substantial evidence in the record as a whole and recommended that plaintiff's motion for judgment on the administrative record [Doc. 10] be denied and that defendant Commissioner's motion for summary judgment [Doc. 14] be granted.

Plaintiff made his application for disability insurance benefits alleging disability beginning October `31, 2002. The claim was denied by the administrative law judge (ALJ) on March 16, 2007. The Appeals Council reviewed the ALJ's decision and denied the claim on August 11, 2008. Plaintiff sought judicial review of the Commissioner's decision. As required by 28 U.S.C. § 36(b)(1) and Rule 72(b), Fed.R.Civ.P., this court has now

undertaken a *de novo* review of those portions of the report and recommendation to which plaintiff objects. For the reasons that follow, the objections will be overruled.

Plaintiff was involved in a motor vehicle accident on October 31, 2002, in which the truck he was driving collided with a bus. In the accident, his left thumb was partially severed. Plaintiff argues that the magistrate judge should have given controlling weight to the report of vocational expert Mark Boatner, who found that plaintiff was limited to activity involving his left extremity only 1-5 percent of the work day. Mr. Boatner also found plaintiff's measured manual dexterity abilities were three standard deviations below normal. Plaintiff states that the vocational expert present at his hearing testified that if these limitations were accepted, plaintiff could be precluded from 97.5 percent of available jobs. Thus, plaintiff argues, if given controlling weight, the report of Mr. Boatner supports his claim of disability.

However, the evidence of record does not support the limitations assessed by Mr. Boatner. Plaintiff's treating physician, Dr. Ronald French opined that plaintiff would likely be absent from work one day a month; was capable of lifting and carrying ten pounds frequently and twenty pounds occasionally; sitting for eight hours; and standing or walking for four to six hours in an eight-hour workday. In January 2003, Dr. French opined that plaintiff could perform light duty work as long as it did not involve heavy lifting; and in August 2003, October 2003, December 2003, and January 2004, opined that plaintiff is capable of lifting up to 30 pounds, but has limited use of his left hand and should avoid

-2-

heavy gripping. Generally, more weight is given to a specialist's opinion about issues related to his or her area of expertise. 20 C.F.R. §§ 404.1527(d)(5), 416.927(d)(5).

The ALJ stated that he discounted the opinion of Mr. Boatner because he saw plaintiff on only one occasion and his opinion was not consistent with all the evidence of record, particularly the reports of Dr. French, plaintiff's treating physician. It is within the Commissioner's power to determine that the medical evidence of record is more consistent with the opinion of one doctor over another. *See Crowe v. Harris,* 489 F.Supp. 683, 689 (E.D. Tenn. 1980). Mr. Boatner's opinion is also inconsistent with plaintiff's testimony regarding his activities of daily living which demonstrate that plaintiff is capable of caring for his personal needs, preparing meals, cleaning, shopping, managing money, paying bills, and driving. He goes for walks, watches television, and goes fishing approximately once a week. He talks on the phone, and socializes at family gatherings.

In addition, the ALJ obtained testimony from a VE to meet his burden to identify a significant number of jobs in the national economy consistent with plaintiff's capacities and vocational profile. *See Burton v. Secretary of Health and Human Services*, 893 F.2d 821, 822-23 (6th Cir. 1990). The ALJ asked the VE whether jobs existed in the national economy for an individual with plaintiff's age, education, and work experience. Further, the VE was to assume that the individual retained the capacity for medium work, that is, limited to no more than 20 pounds of lifting on an occasional basis; the individual

was precluded from climbing ladders, ropes and scaffolds, kneeling, stooping, crouching or crawling; and precluded from any heavy gripping with his left, upper extremity. The VE noted a significant number of jobs such an individual could perform including parking attendant, textile checker, and cashier.

Viewing the record as a whole, I find that substantial evidence supports the assumptions included in the ALJ's hypothetical questions to the VE. A VE's testimony, in response to a hypothetical question that accurately portrays a plaintiff's physical and mental impairments, provides substantial evidence in support of the Commissioner's decision that the plaintiff is not disabled. *Varley v. Secretary of Health and Human Services,* 820 F.2d 777, 779 (6th Cir. 1987).

At his hearing, plaintiff testified that he had not received any medical treatment for his thumb since November 2004, and that he took only over-the-counter pain medications. An individual's use of only mild medication is a factor which may properly be considered in assessing that individual's complaints of disabling pain. *Blacha v. Secretary of Health and Human Services,* 927 F.2d 228, 231 (6th Cir. 1990). Plaintiff also told the ALJ that he had not tried to obtain work since his release from medical treatment because all he had ever done was drive a truck, and there were no jobs available in the trucking industry where he lived.

Finding no error in the report and recommendation, the court will overrule plaintiff's objections; deny plaintiff's motion for judgment on the administrative record; grant defendant Commissioner's motion for summary judgment; and dismiss this case.

**ENTER:**

s/ Thomas W. Phillips
United States District Judge